Pérez et al., Demandantes y Apelados, *v.* Nogueras,
Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de lo indebido.

No. 2525.—Resuelto en diciembre 11, 1922.

Cobro de lo Indebido—Fianza—Pago—Excusion.—El fiador que al ser requerido paga una sentencia dictada contra su fiado no puede luego alegar con éxito en una demanda sobre cobro de lo indebido contra la persona que cobró la sentencia que no fué notificado de ella ni se practicó excusión en los bienes del fiado, pues dicho pago constituye una renuncia a la excusión y a la notificación de la sentencia, de ser ésta última necesaria. *Volenti non fit injuria.*

Id.—Causa de Accion—Admisión de Hechos Alegados en Demanda Insuficiente.—La admisión por un demandado de hechos alegados en una demanda que es insuficiente, no subsana el defecto de ésta (*Questel* v. *Conde*, 18 P. R. R. 752), y mucho menos cuando tal admisión se hace después, de radicada una excepción previa.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. M. Tous Soto y V. M. Fernández.

Abogados de los apelados: Sres. J. B. Soto y H. Torres Solá.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Juan Nogueras Pedraza obtuvo sentencia a su favor contra Juan Canel por la suma de $789.73, con intereses al 6 por ciento anual desde el día 23 de mayo de 1911. Para el ase-

guramiento de la efectividad de la sentencia, el acreedor embargó un automóvil del demandado. Con el fin de levantar el embargo trabado sobre este automóvil y alegando ser de su propiedad entabló demanda de tercería Francisco Bird Quiñones con dos fiadores. No sólo se dictó sentencia a favor de Nogueras sino que el procedimiento de tercería fué también resuelto a su favor en 21 de junio de 1916.

Los demandantes en esta acción son los dos fiadores en la demanda de tercería. Alegan ellos que en octubre 30, 1918, y a requerimiento de Nogueras pagaron a éste la suma de $756.90, y no consta que ni siquiera hubieran sido amenazados con un mandamiento de ejecución o embargo. Antes de haber verificado este pago los demandantes, o sea, en julio 11, 1917, recibió también Nogueras de Francisco Bird Quiñones la cantidad de $400, como abono a la sentencia obligándose éste último a pagarle el resto hasta los $900.

Aparece ciertamente y creemos que tal es el hecho principal en este caso, que cuando los demandantes hicieron el pago a Nogueras de la suma de $756.90, la sentencia contra Canel, después de abonársele la suma satisfecha por Quiñones de $400, y calculándose los intereses, era más o menos la suma precisa que pagaron los demandantes. En la demanda no existe alegación de que Nogueras hubiera recibido una cantidad mayor a la de su deuda contra Canel.

Los demandantes alegaron que el pago que verificaron fué debido a una equivocación o inadvertencia; que nunca fueron notificados de la sentencia; que no sabían si Francisco Bird Quiñones había pagado algo o no, y que Nogueras no había practicado excusión alguna sobre los bienes de Francisco Bird Quiñones de quienes eran fiadores.

Como consecuencia de estos hechos resultaría que la demanda fué frívola. Los demandantes-apelados no nos han honrado con un alegato. Los demandantes sin detenerse a insistir en que se practicara excusión en los bienes de Quiñones pagaron la suma de $756.90. Con este proceder renun-

ciaron a la necesidad de la excusión y debe considerarse que el pago es voluntario· *Volenti non fit injuria.*

Asimismo renunciaron ellos a cualquier necesidad de una notificación de la sentencia, aun suponiendo que tal notificación era necesaria. Ellos ciertamente fueron apercibidos por el requerimiento de Nogueras. Ni era una diferencia concebible que los demandantes no supieran si Quiñones había o no pagado alguna cantidad. No consta que a Nogueras se le pagó con exceso por Quiñones o los demandantes, o que dicho acreedor estaba tratando de obtener más del importe de la sentencia, y es un hecho establecido que el principal y los fiadores actuaron todos conjuntamente para levantar el embargo del automóvil.

Nogueras es el apelante en esta corte. En la corte inferior él admitió los hechos de la demanda, pero la corte entendió que él se había allanado a la súplica de la demanda dictando por tanto sentencia contra él. Los autos muestran, como sostiene el apelante, que él solamente admitió los hechos de la demanda habiendo radicado anteriormente una excepción previa. Tal admisión no subsanará una demanda insuficiente. *Questel* v. *Conde*, 18 D. P. R. 752. De todos modos Nogueras tenía derecho a que su excepción previa fuera revisada por esta corte. Los hechos como han sido examinados revelan una falta de causa de acción por parte de los demandantes.

Además puede dudarse si no sería error por parte de una corte conocer de una demanda que no determinaba una causa de acción.

Debe revocarse la sentencia y desestimarse la demanda.

*Revocada la sentencia apelada y desestimada la demanda con las costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.